Robert D. SPRAGUE, et al., Plaintiffs,

v.

GENERAL MOTORS CORPORATION, Defendant.

No. 90–CV–70010.

United States District Court,
E.D. Michigan, S.D.

Oct. 23, 1992.

Raymond C. Fay, Bell, Boyd & Lloyd, Washington, D.C., J. Douglas Peters, David R. Parker, Charfoos & Christensen, Detroit, Mich., Roger J. Thomas, Law Office of Michael Gordon, Washington, D.C., for plaintiffs.

Robert F. Walker, Ethan Lipsig, Elliot K. Gordon, Paul, Hastings, Janofsky & Walker, Santa Monica, Cal., David M. Davis, Daniel G. Galant, General Motors Corp., Detroit, Mich., Terence V. Page, Birmingham, Mich., for defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

A putative plaintiff class of approximately 40,000 non-union salaried retirees of the General Motors Corporation ("GM") sues under the Employee Retirement Income Se-

curity Act of 1974 ("ERISA"). They seek a judgment which would require GM to furnish them with basic health care coverage at no cost to them for their life-times, and for the life-times of their surviving spouses. At issue is whether plaintiffs are entitled to a jury trial. In this opinion, I find that plaintiffs are not entitled to a jury trial under ERISA or under the Seventh Amendment to the United States Constitution.

### I. Procedural Background

On August 8, 1989, plaintiff Robert D. Sprague, together with 113 other named plaintiffs, filed a complaint in the United States District Court for the Central District of California against their previous employer, GM, alleging that the automaker had violated their rights under ERISA, 29 U.S.C. §§ 1001 et seq. The named plaintiffs filed the complaint as a purported class action pursuant to Federal Rule of Civil Procedure 23, and claimed to represent over 84,000 salaried retirees or their surviving spouses. Pursuant to 28 U.S.C. § 1404(a), Judge William D. Keller ordered the action transferred to this court on November 27, 1989.

The essence of the complaint is that GM violated the terms of its health care plan, thereby violating ERISA §§ 402, 502(a)(1)(B) and 502(a)(3), 29 U.S.C. §§ 1102, 1132, when it reduced or eliminated certain health care coverages in 1988. (Complaint, Count II). Plaintiffs also claim that the changes implemented in 1988 constituted a breach of GM's fiduciary duties arising under section 404 of ERISA, 29 U.S.C. § 1104 (Complaint, Count III). Plaintiffs assert separate causes of actions, arising from the same changes in health care coverages, based on breach of contract and equitable or promissory estoppel claims arising under "ERISA federal common law." (Complaint, Counts IV and V). Finally, plaintiffs allege that GM violated the requirements of ERISA by failing to maintain its health care plan pursuant to a written instrument, ERISA § 402(a), 29 U.S.C. § 1102(a); refusing or failing to supply requested information, ERISA § 502(c), 29 U.S.C. § 1132(c); and failing to comply with requirements for summary plan descriptions.

GM moved for summary judgment on Count II, arguing that the coverage modifications instituted in 1988 do not constitute violations of the plan because retirees did not have vested benefits under the plan. Plaintiffs moved for summary judgment on Counts IV and V of the Complaint in favor of early retirees, based on bilateral contracts which allegedly contain GM's promise to provide early retirees with vested health care benefits. GM moved to dismiss Count III.

I granted GM's motion for summary judgment as to the general retirees but denied it as to the early retirees. Sprague v. General Motors Corp., 768 F.Supp. 605 (E.D.Mich.1991). I found that within the plan provisions, GM unambiguously reserved the right to change the plan; GM did not agree in the general plan documents to provide salaried employees with health care benefits which vested upon retirement for purposes of ERISA. However, I did not foreclose the possibility that GM bilaterally contracted to provide vested benefits to early retirees. I noted that it appears that some early retirement agreements contain GM's promise to furnish early retirees with a particular level of health care coverage in exchange for the early retirees' promise, among other things, to release GM from liability for certain causes of action. I commented that the early retirement agreements may be enforceable under ERISA as independent bilateral contracts or as modifications of GM's health care benefit plan.

Plaintiffs' motion for summary judgment was denied. Summary judgment is precluded for or against the early retirees as a class because there are genuine issues of material fact and law as to: (1) which "early retirement agreements" constitute bilateral contracts; (2) the terms of those contracts; and (3) whether the 1988 changes constitute a breach of those contracts. I granted GM's motion to dismiss Count III. For a more detailed discussion of the procedural history and factual scenario, see my earlier opinion. Id.

On November 4, 1991, I issued a class certification order establishing four sub-classes of early retirees: (1) those who signed "long form" statements of acceptance; (2) those who signed "short form" statements of acceptance; (3) those who signed "statements of intent" to retire; and (4) those for whom no such documents can be found.

On August 11, 1992, I set trial for November 16, 1992, on Counts II and IV with regard to sub-classes (1) and (2). Plaintiffs demand a jury trial. Defendant filed a motion to strike plaintiffs' demand for jury trial. Parties filed briefs on this issue, and a hearing was held on October 8, 1992. Following this hearing, the parties submitted supplemental briefs, and another hearing was held on October 16, 1992. For the reasons set forth below, defendant's motion to strike plaintiffs' demand for jury trial is granted.

## II. *Analysis*

The Seventh Amendment to the Constitution states: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The Amendment provides for a jury trial where the relief sought is legal rather than equitable in nature. *Chauffeurs, Teamsters, and Helpers, Local 391 v. Terry*, 494 U.S. 558, 565, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990). To determine the Seventh Amendment's applicability:

[T]he "legal" nature of an issue is determined by considering, first, the pre-merger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries.

*Ross v. Bernhard*, 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 738 n. 10, 24 L.Ed.2d 729 (1970). The emphasis remains on the second factor. *Terry*, 494 U.S. at 565, n. 4, 110 S.Ct. at 1345 n. 4.

Plaintiffs cite my earlier decision in *Sprague*, 768 F.Supp. at 612, for the proposition that their claims are federal common law claims under ERISA for breach of contract, or alternatively, ERISA section 502 claims for breach of the plan. "Actions challenging an employer's denial of benefits before enactment of ERISA were governed by principles of contract law." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 112, 109 S.Ct. 948, 955, 103 L.Ed.2d 80 (1989). Breach of contract claims have traditionally been legal claims. *Id.* Plaintiffs argue that the following types of contract issues are the kind traditionally tried to a jury: (1) whether the early retirees contractually agreed to give up their jobs in exchange for certain consideration; (2) whether the consideration received by the early retirees included health care benefits for life at GM's expense; and (3) whether the contract was breached by certain modifications made by GM in 1988. Second, plaintiffs note that in their complaint they seek money damages

in an amount equal to the value of all benefits which plaintiffs and other GM salaried retirees have failed to receive as a result of GM's actions complained of here, and all other damages resulting therefrom, together with interest and earnings thereon....

Complaint, Prayer for Relief, Par. I. Plaintiffs claim such amounts are compensatory damages and therefore legal in nature; they claim they are seeking money damages to put themselves in as good as position as they would have occupied had the contract been fully performed by GM. Plaintiffs argue that their losses (the so-called damages) are not the mirror image of GM's gain (restitution). They concede that GM was able to save all the health care expenses for which it would have paid out-of-pocket reimbursements to the plaintiffs had the benefit modifications not occurred. Plaintiffs argue, though, that they have suffered more losses than what GM has gained. For example, out-of-pocket medical expenses incurred by the plaintiffs following the benefit modifications may have substantially exceeded the cost to GM of continuing certain coverages.

Last, plaintiffs claim their so-called federal common law breach of contract issues are fact intensive. For example, the fact-finder will be asked to determine whether, in exchange for the plaintiffs'

agreement to relinquish their jobs voluntarily and, in many cases, to waive legal rights, GM agreed to provide health care benefits for life to the retirees at no cost. However, as plaintiffs themselves note, the practical abilities and limitations of juries are not an independent basis for extending the right to a jury trial. *Terry,* 494 U.S. at 565, n. 4, 110 S.Ct. at 1345 n. 4. Thus, this factor deserves little weight and attention.

■ In terms of the first factor, the United States Supreme Court emphasized in *Firestone, supra,* that ERISA "abounds with the language and terminology of trust law." *Firestone,* 489 U.S. at 111, 109 S.Ct. at 954. In determining the appropriate standard for judicial review of plan administrators' interpretations of benefit plan provisions, the Court stated it would be "guided by principles of trust law." *Id.* The court's change in *Firestone* in the standard of review from arbitrary and capricious to *de novo* does not automatically convert a claim ordinarily brought in equity into a claim brought at law. *See, e.g., Blake v. Unionmutual Stock Life Ins. Co. of Am.,* 906 F.2d 1525, 1526 (11th Cir.1990). Traditionally, claims relating to trust principles were under the jurisdiction of the courts of equity, even where monetary relief was sought. *See, e.g., Clews v. Jamieson,* 182 U.S. 461, 479, 21 S.Ct. 845, 852, 45 L.Ed. 1183 (1901).

As noted above, the second prong of the Seventh Amendment inquiry, the type of remedy sought, carries the most weight in a right to jury trial analysis. Even if plaintiffs were successful in the characterization of their claim as one of breach of contract thereby satisfying the first prong, my conclusion that the relief they seek, as discussed below, is equitable still denies them a right to jury trial. *Blake,* 906 F.2d at 1526 (claim for plan benefits under ERISA is a suit for equitable relief and, therefore, no right to a jury trial exists notwithstanding plaintiff's characterization of claim as one for breach of contract); *Pegg v. General Motors Corp.,* 793 F.Supp. 284 (D.Kan.1992).

The United States Court of Appeals for the Sixth Circuit precedent clearly disfavors plaintiffs' demand for a right to jury trial under ERISA. In *Crews v. Central States, Southeast, and Southwest Areas Pension Fund,* 788 F.2d 332 (6th Cir.1986), the plaintiff sought a refund of contributions to a pension plan mistakenly made on his behalf. The court found that plaintiff's action seeking return of mistakenly paid contributions was essentially an action for restitution, which is an equitable remedy, and thereby denied a Seventh Amendment right to jury trial. *Id.* at 338. In *Daniel v. Eaton Corp.,* 839 F.2d 263 (6th Cir.), *cert. denied,* 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988), the plaintiff claimed he was denied early retirement benefits in violation of ERISA section 502. The plaintiff sought recovery of all past due benefits with interest, and an order requiring his instatement into the early retirement plan. In rejecting plaintiff's demand for a jury trial, the court broadly held that "[a]lthough there may be actions under ERISA in which a jury trial is proper, in actions for recovery of benefits under Section 502, 'there is no right to jury trial.'" *Id.* at 268. In *Bair v. General Motors Corp.,* 895 F.2d 1094 (6th Cir.1990), the plaintiff sought instatement into a retirement program, GM's Special Separation Program. The plaintiff alleged that he had contracted with GM to retire early under the program's provisions; GM had denied his applications to enter the program claiming that he was too valuable an employee to give an incentive to retire early. As in *Daniel,* the plaintiff sought payment of allegedly past due early retirement benefits as well as an order compelling payment of future benefits. Despite plaintiff's attempt to distinguish his claim from the plaintiff's claim in *Daniel,* the court in *Bair* denied the right to jury trial.

The plaintiff in *Bair* first attempted to distinguish *Daniel* by arguing that the jury trial right remains when relief is sought under ERISA subsection 502(a)(1)(B), as opposed to subsection 502(a)(3) which by its terms is expressly limited to providing equitable relief. The court in *Bair* stated that *Daniel* had unequivocally denied the right to jury trial for all section 502 actions. *Bair,* 895 F.2d at 1096. The plain-

tiff in *Bair* further attempted to distinguish *Daniel* by arguing, as do the plaintiffs in the case at hand, that the recovery of benefits claim is actually a breach of contract claim, and, accordingly, a jury trial is available because the relief sought is legal rather than equitable. The Sixth Circuit rejected such an analysis:

> Appellant is seeking only instatement in the Program and the payments due him had he initially been granted participation to begin with. Thus, his action is one in equity, not at law. He therefore is not entitled to a jury .... merely because issues of contract law are involved in his claim.

*Bair*, 895 F.2d at 1097. Although the court in *Bair* did not refer expressly to the Seventh Amendment, it indicated that it was engaging in the test mandated by the Constitution as reflected in its citation to a case involving the constitutional right to a jury trial, *United Transp. Union, Local 74 v. Consolidated Rail Corp.*, 881 F.2d 282 (6th Cir.1989), *judgment vacated and remanded*, 494 U.S. 1051, 110 S.Ct. 1517, 108 L.Ed.2d 757 (1990), *opinion modified and reaffirmed*, 902 F.2d 36 (6th Cir.1990). Courts have subsequently understood the court in *Bair* to have engaged in constitutional analysis. *See Pegg v. General Motors Corp.*, 793 F.Supp. 284 (D.Kan.1992).

*Bair* cannot be distinguished simply because plaintiffs are seeking "all other damages resulting" from GM's conduct. Complaint, Prayer for Relief, Par. I. First and foremost, plaintiffs are asking for the benefits that were allegedly promised them by GM; they seek repayment of premiums they have already paid themselves. This is restitution and not compensatory damages. Second, and perhaps alternatively, in *Warren v. Society National Bank*, 905 F.2d 975 (6th Cir.1990), *reh'g denied, en banc, cert. denied,* —— U.S. ——, 111 S.Ct. 2256, 114 L.Ed.2d 709 (1991), the plaintiff sought "contractual damages" under ERISA section 502(a)(3) for losses incurred as a result of the plan administrator's failure to comply with directions regarding the lump sum distribution of pension benefits. The court concluded that the plaintiffs were entitled to monetary damages as equitable relief

under ERISA section 502(a)(3). The Sixth Circuit stated:

> Equitable relief includes monetary damages where required to afford complete relief. It is the historic purpose of equity to secure complete justice, and courts may adjust their remedies so as to grant the necessary relief.

*Id.* at 982. The court stressed Justice Brennan's concurrence in *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), that under the law of trusts, upon which ERISA is based, monetary damages were properly considered equitable relief when necessary to do complete justice. *Warren*, 905 F.2d at 982.

Plaintiffs' attempt to distinguish *Bair* and *Daniel* by arguing that: (1) recent Supreme Court cases have, in effect, overruled the Sixth Circuit decisions; and (2) their claims arise under federal common law which provides a source of jurisdiction independent of ERISA section 502, thereby making the line of Sixth Circuit cases irrelevant.

Plaintiffs argue that the recent Supreme Court cases of *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Chauffeurs, Teamsters, and Helpers, Local 391 v. Terry*, 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990); and *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), have, in effect, overruled the Sixth Circuit cases denying a right to jury trial under ERISA section 502.

> In *Firestone*, the Supreme Court stated:
> Actions challenging an employer's denial of benefits before enactment of ERISA were governed by principles of contract law. If the plan did not give the employer or administrator discretionary or final authority to construe uncertain terms, the court reviewed the employee's claim as it would have any other contract claim—by looking to the terms of the plan and other manifestations of the parties' intent.

489 U.S. at 112, 109 S.Ct. at 955. From this language, plaintiffs argue that the Su-

preme Court has declared that where the payment or non-payment of benefits is at issue, the action is one at law.

The Court in *Firestone* was faced with the issue of deciding the appropriate standard for judicial review of plan administrators' interpretations of benefit plan provisions. Nowhere did the Court even hint that its decision was affecting the body of case law finding no right to a jury trial in ERISA actions.[1] *Blake v. Unionmutual Stock Life Ins. Co. of Am.*, 906 F.2d 1525, 1526 (11th Cir.1990), expressly rejected the argument that the Court's change in *Firestone* in the standard of review converts the claim from an equitable claim to a breach of contract (legal) claim. Significantly, *Firestone* was decided before the Sixth Circuit issued its opinion in *Bair*. Thus, plaintiffs' contention that *Bair's* denial of a right to jury trial under ERISA section 502 is no longer good law in light of *Firestone* carries no weight.

Plaintiffs cite *Terry* for the grand proposition that the Supreme Court has held that back pay damages are not restitutionary, and that they may be legal in nature. (Brief at 15, n. 10). In *Terry*, employees brought a suit against their union under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, for violation of the duty of fair representation. The Court was faced with the issue of whether the requested remedy of back pay and benefits was legal or equitable. The Court stated that because the back pay sought was not money wrongfully held by the union, but was instead money and wages which respondent would have received had the union processed their grievances properly, the relief was not restitutionary. *Terry*, 494 U.S. at 571, 110 S.Ct. at 1348. *Terry* was not an ERISA case; LMRA was the statute in question. More important, the Court itself noted that monetary relief is not necessarily legal relief. *Id.* at 570, 110 S.Ct. at 1347. As an example, it noted that both it and Congress have characterized back pay under Title VII, 42

U.S.C. § 2000e *et seq.*, as restitutionary and therefore equitable.

In the situation at hand, the monetary relief which plaintiffs are requesting is restitutionary. They are asking GM to return to them monies allegedly retained improperly as the result of imposing co-payments and deductibles and reducing certain coverages. This is restitution in its most classic sense. "Restitution is limited to 'restoring the status quo and ordering the return of that which rightfully belongs to the purchaser or tenant.'" *Tull v. United States*, 481 U.S. 412, 424, 107 S.Ct. 1831, 1839, 95 L.Ed.2d 365 (1987) (citations omitted). Thus, plaintiffs' claims in the situation at hand are different from those in *Terry*.

*Ingersoll–Rand* was decided shortly after *Bair*. Plaintiffs point to the following language for their contention that the Supreme Court now recognizes that legal remedies may arise under ERISA, thereby implying the constitutional right to a jury trial.

> Not only is § 502(a) the exclusive remedy for vindicating § 510-protected rights, there is no basis in § 502(a)'s language for limiting ERISA actions to only those which seek "pension benefits." It is clear that the relief requested here is well within the power of the federal courts to provide.

*Ingersoll–Rand*, 498 U.S. at ——, 111 S.Ct. at 486. Such language is located at the very end of a case involving pre-emption. The plaintiff claimed he had been terminated so the employer could avoid accrual of pension benefits. The sole question decided by the Court was whether a wrongful termination action brought under state contract and tort law was preempted by ERISA section 514(a). The Court held that the action was pre-empted due in part to the fact that the action conflicted with ERISA section 510 which creates a statutory cause of action against employers who terminate employees in order to avoid the vesting or payment of pension benefits.

---

**1.** *Pegg v. General Motors Corp.*, 793 F.Supp. 284 (D.Kan.1992), notes that prior to *Firestone*, it was uniformly held that actions under ERISA

were equitable, thereby depriving a party of the right to jury trial.

Many courts have not interpreted the language as expanding relief available under ERISA.

> Had the Supreme Court intended to expand the realm of potential relief available under ERISA ... it would have done so explicitly. Such a departure from precedent likely would not have been accomplished in a single sentence, in *dicta,* at the close of an opinion focused exclusively on a wholly different issue.

*Gaskell v. Harvard Coop. Soc'y,* 762 F.Supp. 1539, 1544 (D.Mass.1991).[2]

Some federal district courts have extrapolated from these Supreme Court cases, as plaintiffs would like this court to do, the notion that actions seeking "damages" under ERISA section 502 for non-payment of benefits are actions at law thereby granting a right to jury trial.[3]

As explained above, I am unable to imply any suggestion by the Supreme Court in these various cases, that an action under ERISA can be an action at law thereby granting the right to jury trial. I am not alone in drawing this conclusion in the wake of these Supreme Court cases. Two other federal district courts have examined *Bair* in light of the Supreme Court cases discussed above and have concluded that *Bair* remains good law. In *Miner v. Community Mut. Ins. Co.,* 778 F.Supp. 402 (S.D.Ohio 1991), the court was asked to extend the right to a jury trial to an ERISA section 502(a)(3) claim; the court refused. It rejected the argument that monetary relief sought under ERISA was a legal remedy entitling plaintiffs to a jury trial. It stated that the *"dicta* in *Ingersoll–Rand* does not constitute a clear departure from

these principles", while reiterating that "[t]he Sixth Circuit Court of Appeals has unequivocally held that a claimant is not entitled to a jury trial in an action brought under § 502 and has refused to carve out exceptions to this broad rule." *Id.* at 404. Similarly, *Pegg v. General Motors Corp.,* 793 F.Supp. 284 (D.Kan.1992), expressly adopted the reasoning of *Bair* even in light of *Firestone* and *Ingersoll–Rand* and even though *Bair* was not binding precedent on a federal district court in Kansas. In *Pegg,* plaintiff was seeking benefits under GM's Special Separation Incentive Program, similar to the early retirement programs at issue here. Although the court found that the first prong of the Seventh Amendment test was met, in that plaintiff's claim was basically one for breach of contract, it concluded the relief sought was equitable. The plaintiff in *Pegg,* as in *Bair,* sought instatement into the retirement program and the recovery of the salary and benefits that her employer wrongfully withheld from her under that program. Such relief is equitable. *Pegg,* 793 F.Supp. at 286.

In addition to *Bair,* other circuit courts of appeals have maintained their positions of no jury trial under ERISA despite the language of the Supreme Court opinions discussed *supra.* See *Blake v. Unionmutual Stock Life Ins. Co. of Amer.,* 906 F.2d 1525 (11th Cir.1990); *Kirk v. Provident Life and Acc. Ins. Co. of Amer.,* 942 F.2d 504 (8th Cir.1991); *Cox v. Keystone Carbon Co.,* 894 F.2d 647 (3d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 47, 112 L.Ed.2d 23 (1990). This court is unaware of a federal court of appeals that has held there is a right to jury trial for claims of benefits under ERISA section 502.[4]

---

**2.** See also *McRae v. Seafarers' Welfare Plan,* 920 F.2d 819 (11th Cir.1991); *Harsch v. Eisenberg,* 956 F.2d 651, 660 (7th Cir.1992); and *O'Neil v. Gencorp, Inc.,* 764 F.Supp. 833, 834 (S.D.N.Y. 1991).

**3.** See, e.g., *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Midland Steel Products Co.,* 771 F.Supp. 860 (N.D.Ohio 1991); *Vicinanzo v. Brunschwig & Fils, Inc.,* 739 F.Supp. 882 (S.D.N.Y.1990); *McDonald v. Artcraft Electric Supply Co.,* 774 F.Supp. 29 (D.D.C.1991); and *Resnick v. Resnick,* 763 F.Supp. 760 (S.D.N.Y.

1991). Despite being located in the Sixth Circuit, the *Midland Steel Products* court did not mention controlling precedent such as *Bair* or *Daniel;* thus, the weight of that court's decision is limited.

**4.** Plaintiffs contend that *Senn v. United Dominion Industries, Inc.,* 951 F.2d 806 (7th Cir.1992), is an appellate decision that upholds the constitutional right to a jury trial in an ERISA action. However, the plaintiffs in *Senn* sought monetary damages under section 301 of the Labor Management Relations Act ("LMRA") for breach of contract, and they sought injunctive relief

·Plaintiffs also argue that *Bair* and the equitable limitations of ERISA section 502 are irrelevant· to the situation at hand. They claim that because they are asserting federal common law claims for breach of contract for employee benefits under ERISA, they are not limited by the express statutory provisions authorizing civil actions under section 502. Instead of utilizing the express statutory grant of jurisdiction· under section 502, plaintiffs assert their federal common law claims can be adjudicated directly pursuant to 28 U.S.C. § 1331(a) (the federal question jurisdiction statute). *See Northeast Department ILG-WU Health and Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund*, 764 F.2d 147, 155 (3d Cir.1985). Plaintiffs claim that *Whitworth Bros. Storage Co v. Central States, Southeast and Southwest Areas Pension Fund*, 794 F.2d 221, 236 (6th Cir.), *cert. denied*, 479 ·U.S. 1007, 107 S.Ct. 645, 93 L.Ed.2d 701 (1986), stands for the proposition that limitations imposed by ERISA section 502 are inapplicable to their claims under the ·federal ·common law of ERISA. Plaintiffs claim that when *Whitworth* is read in connection with the Supreme Court decision in *Ingersoll–Rand*, discussed *supra*, full contractual remedies, including the right to jury trial, are available to them.

Plaintiffs' argument is a boot-strapping attempt to avoid clear Sixth Circuit precedent. Plaintiffs' ERISA federal common law claim is merely a recapitulation of their section 502 recovery of benefits claim. The underlying facts alleged are the same, and the recovery sought is the same. Given

the rule among the appellate courts and many district courts, as discussed above, that no jury trial exists under ERISA section 502, it would be disruptive to the statutory scheme to allow a jury trial on plaintiffs' functionally equivalent federal common law claims.

Moreover, *Northeast Dept. ILGWU*, as well as other cases upon which plaintiffs rely for their proposition that this court has jurisdiction under section 1331 to consider their federal common law claims all involved situations in which the plaintiff's claim could not proceed under ERISA; the courts stated that the express jurisdictional provisions of ERISA, found in 29 U.S.C. § 1132, did not authorize federal jurisdiction over the plaintiff's suit. *See, e.g., Northeast Dept. ILGWU*, 764 F.2d at 154; *Whitworth Bros. Storage Co*, 794 F.2d at 228, 233; and *Provident Life and Accident Ins. Co. v. Waller*, 906 F.2d 985, 987 (4th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 512, 112 L.Ed.2d 524 (1990).[5] The courts held that the absence of an express statutory grant of jurisdiction under ERISA was irrelevant as the plaintiff's claim could be adjudicated in federal court pursuant to 28 U.S.C. § 1331(a). In the case at hand, the express statutory grant of jurisdiction under ERISA is relevant. This court's jurisdiction under ERISA is not at issue; what is at issue is whether plaintiffs have a right to jury trial. The above cited courts did not have to deal with a potentially conflicting decision of denying a right to jury trial under the ERISA statute itself while granting a right to jury trial under ERISA federal common law. For the reasons discussed

pursuant to sections 404(a)(1), 502(a)(1)(B), and 502(a)(3) of ERISA. The·court stated that the plaintiffs had a constitutional right to a jury trial because of the legal claim they were seeking under LMRA. Thus, *Senn* does not stand for the proposition that a constitutional right to jury trial exists under ERISA. *See also Smith v. ABS Industries, Inc.*, 653 F.Supp. 94 (N.D.Ohio 1986).

Additionally, plaintiffs cite *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) for the proposition that ERISA section 502 was modeled after LMRA section 301 with regard to enforce mechanisms; accordingly, say plaintiffs, the right to jury trial under LMRA translates into a right to jury trial

under ERISA. However, the Supreme Court was making a comparison between the two statutes in a pre-emption situation: "The legislative history demonstrates that the pre-emptive force of § 502(a) was modeled after § 301 of the LMRA." Thus, plaintiffs' analogy between the two statutes concerning the right to jury trial is not as strong as they contend.

5. In *Northeast Dept. ILGWU Health and Welfare Fund v. Teamsters Local Union No. 229*, 764 F.2d 147 (3d Cir.1985), for example, jurisdiction over one action by one employee benefit plan against another plan seeking declaration of plans' rights and obligations could not be obtained through an express grant of ERISA.

*supra,* this court will not engage in such a confusing path in unchartered waters.

■ Even if this court were to accept plaintiffs' notion that their federal common law claims maintain jurisdictional grounds independent of ERISA section 502, the characterization of the relief sought would remain the same; as discussed above, plaintiffs are seeking restitutionary, and not compensatory, relief. Under the second prong of the Seventh Amendment test, discussed *supra,* plaintiffs' requested relief still would not allow them a jury trial.

Moreover, "a monetary award incidental to or intertwined with injunctive relief may be equitable." *Terry,* 494 U.S. at 571, 110 S.Ct. at 1348. The monetary relief requested by plaintiffs pales in comparison to the scope of injunctive relief sought. Plaintiffs are asking for all benefits which they have failed to receive and any other "damages" as a result of GM's actions. GM's action occurred in 1988; there has been an alleged loss of benefits for four years. Plaintiffs are also asking this court to compel GM to restore its health care program to its pre–1988 status and to prevent any further changes for decades to come. Because the monetary relief would only cover a period of a few years, while the injunctive relief would cover a period of decades, any monetary award would be incidental to the injunctive relief, thereby depriving plaintiffs of a jury trial right.[6]

IT IS SO ORDERED.

---

[6] Plaintiffs cite *Senn v. United Dominion Industries, Inc.,* 951 F.2d 806 (7th Cir.1992), for the exact opposite proposition: a right to jury trial cannot be abridged simply by characterizing the legal claim as incidental to the equitable relief sought. In reality, the court in *Senn* said: "It is well settled that when legal and equitable relief are *separately authorized by statute,* and the 'legal claim is joined with [the] equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact.' " *Id.* at 813 (emphasis added) (citations omitted). Because legal and equitable relief are not separately authorized by the ERISA statute, plaintiffs' proposition carries little weight.