**Robert D. SPRAGUE, et al., Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**No. 90–CV–70010.**

United States District Court, E.D. Michigan, S.D.

Dec. 17, 1992.

See also 145 F.R.D. 420.

Raymond C. Fay, Bell, Boyd & Lloyd, Washington, DC, J. Douglas Peters, David R. Parker, Charfoos & Christensen, Detroit, MI, Roger J. Thomas, Law Office of Michael Gordon, Washington, DC, for plaintiffs.

Robert F. Walker, Ethan Lipsig, Elliot K. Gordon, Paul, Hastings, Janofsky & Walker, Santa Monica, CA, David M. Davis, Daniel G. Galant, General Motors Corp., Detroit, MI, Terence V. Page, Birmingham, MI, for defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

A putative plaintiff class of approximately 40,000 non-union salaried retirees of General Motors Corporation ("GM") sues under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs seek a judgment which would require GM to furnish basic health care coverage at no cost to them for their life-times, and for the life-times of their surviving spouses. For a complete discussion of the counts in the Complaint, procedural history of the case, and factual scenario, *see* my opinion in *Sprague v. General Motors Corp.*, 768 F.Supp. 605 (E.D.Mich.1991).

In an opinion and order dated October 23, 1992, 804 F.Supp. 931, I held that plaintiffs are not entitled to a jury trial under ERISA or under the Seventh Amendment to the United States Constitution. For a more detailed explanation, *see* my October 23, 1992, opinion. Plaintiffs then sought a writ of mandamus from the United States Court of Appeals for the Sixth Circuit, directing me to reinstate their demand for a jury trial and to conduct the forthcoming trial as a jury matter. On November 16, 1992, the Sixth Circuit denied the petition for writ of mandamus. Now, plaintiffs ask that the trial in this case be conducted as a joint bench-jury trial. Parties filed briefs on this issue, and I decide this issue on the papers. In this opinion, I deny plaintiffs' motion to conduct the trial as a bench and jury trial simultaneously.

## Analysis

As stated above, plaintiffs ask that trial in this case be conducted simultaneously as a bench and jury trial. Plaintiffs emphasize they are not asking for an advisory jury. Plaintiffs propose that if my decision denying them a jury trial is affirmed on appeal, then the bench trial would be controlling in all respects; if an appellate court should later determine that they were entitled to a jury trial, then the jury trial would be controlling in all respects. Under this unique scenario, both fact finders would make a decision, and one decision would eventually control. This way, argue plaintiffs, the case would not have to be retried if an appellate court reverses my decision denying them a jury trial.

Significantly, plaintiffs are unaware of this procedure being employed in reported cases. Plaintiffs are asking me to create a unique legal experiment which would bequeath them something they are not entitled to—a jury trial. Plaintiffs are either entitled to a jury trial or they are not; my decision denying them a jury trial means no jury will sit as a fact finder under any type of scenario.

Indeed, Fed.R.Civ.P. 39(a) ("Rule 39(a)") states in part:

When a trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless ... (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

Because I have already ruled that plaintiffs have no right to a jury trial, Rule 39(a) provides that there shall be no jury trial. Such an interpretation is reinforced by Fed. R.Civ.P. 39(c) ("Rule 39(c)") which states in part: "[T]he court, *with the consent of both parties*, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right." (emphasis added). Any decision granting plaintiffs' request, without the consent of defendant, would run afoul of Rule 39(c).[1]

In addition to the Federal Rules of Civil Procedure, other factors persuade me to deny plaintiffs' request. Most likely, the proposed joint proceeding would impair the defendant's ability to develop a trial strategy as defendant would not know who would be the actual finder of fact. There are significant tactical differences in presenting a case to a court as opposed to a jury. *See, e.g., Hildebrand v. Board of Trustees of Michigan State University*, 607 F.2d 705, 710 (6th Cir.1979).

The possibility of conflicting findings of fact made by a jury and by me would cause confusion and increase expenditures. Despite a ruling in its favor on the jury trial question, defendant would be forced to incur the additional burdens and expenditures associated with a jury trial, thus nullifying many of the benefits for it associated with that ruling. Usually, jury trials are much more time consuming than bench trials, as they include *voir dire,* motions *in limine,* jury instructions, etc.[2]

For the reasons stated above, plaintiffs' motion to have the trial in the case conducted as a joint bench-jury trial is hereby denied.

IT IS SO ORDERED.

---

**1.** Plaintiffs contend that Rule 39 enumerates instances when a jury trial must be conducted and does not say that a jury may not be employed in other circumstances. For support, plaintiffs cite Fed.R.Civ.P. 39(b) for the proposition that cases in which no jury demand of right is made may be tried to a jury in the court's discretion. Such a citation actually weakens plaintiffs' position because a jury demand of right was made in this case, and it was denied.

**2.** Plaintiffs argue that any additional burdens in conducting a simultaneous bench-jury trial pale in comparison to the burden of having to retry the case if this court's order denying jury trial is reversed. It may very well be true that on an absolute scale, a trial, appeal, retrial, and reappeal scenario is more expensive than a joint bench-jury trial and appeal scenario. However, the expense of a retrial and reappeal must be discounted by the probability of this court's jury trial decision being reversed on appeal. I based my October 23, 1992, opinion denying plaintiffs a jury trial on the great weight of U.S. Supreme Court and Sixth Circuit precedent; the decision was not a "close" one. While the probability of an appellate court reversing my jury trial decision always exists, I do not believe the likelihood is as great as plaintiffs claim it is. Accordingly, taking the probability of reversal into account, the burdens of conducting a joint bench-jury trial do not pale in comparison to the burden of having to retry the case as much as plaintiffs contend. Moreover, as I have stated throughout this opinion, I am unwilling to engage in an unprecedented legal experiment, especially given dictates of the Federal Rules of Civil Procedure.