**Lawrence CATCHPOLE, et al., Plaintiffs,**

v.

**HEALTH 1ST, INC., et al., Defendants.**

**Civ. A. No. 1:91–CV–1651–JOF.**

United States District Court, N.D. Georgia, Atlanta Division.

March 4, 1993.

George W. Warlick, Frank E. Bentley, Jr., Warlich & Bentley, Atlanta, GA, for plaintiffs.

H. Sanders Carter, Jr., Kenton Jones Coppage, Carter & Ansley, Atlanta, GA, for defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on Defendants' motion to strike Plaintiffs' demand for a jury trial. Plaintiffs Lawrence and Jackie Catchpole's amended complaint seeks declaratory judgment, reimbursement, attorney's fees and costs from Defendants Health 1st, Inc., and Health 1st, a health maintenance organization. Plaintiffs are covered under the employee welfare benefit plan set up by Lawrence Catchpole's employer, Dunn and Bradstreet Software Services, Inc. Dunn and Bradstreet has contracted out the health care benefits to Defendants. Jackie Catchpole is Lawrence Catchpole's wife and a family dependent under the plan. Plaintiffs seek relief for medical procedures which Jackie Catchpole underwent for treatment of breast cancer.

On September 14, 1990, her physician recommended harvesting her bone marrow for future reinfusion should the need for intense chemotherapy to combat her cancer arise. On October 5, 1990, Defendants denied coverage for the bone marrow harvesting, contending that the treatment "is experimental/unproven and not generally accepted by the medical community." On November 7, 1990, another of her physicians recommended the procedure. Defendants again denied coverage.

On December 13, 1990, Plaintiffs' attorney filed a "complaint" under the plan. Defendants set a date for a hearing. On January 4, 1991, L.T. Heffner, M.D., of the Emory Clinic again requested coverage for bone marrow harvesting for Mrs. Catchpole. Defendants notified Plaintiffs by letter on January 11, 1991, that the Health 1st appeals committee affirmed the denial of coverage. Plaintiffs' requested reconsideration was denied in a letter dated February 21, 1991.

In February, 1991, Mrs. Catchpole underwent bone marrow harvesting at her own expense. Thereafter on June 26, 1991, the original complaint in this matter was filed in Fulton County Superior Court. At that time Mrs. Catchpole's cancer had progressed such that autologous bone marrow treatment was required in order to withstand high-dose chemotherapy. Plaintiffs maintain that more of such treatment will be required.

Plaintiffs have continued to request coverage, but Defendants have refused to do so. The total amount of the cost incurred by this treatment is still not finalized but is expected to exceed $115,000.

### Request for Jury Trial

This court found that Plaintiffs' original state law claims were preempted by ERISA in an order entered on March 31, 1992. The court allowed Plaintiffs ten days to amend their complaint. Plaintiffs did accordingly and sought enforcement and recovery under 29 U.S.C. § 1132(a)(1)(B). Section 502(a)(1)(B) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B), provides that a participant or beneficiary may bring suit to recover benefits due, to enforce rights, or to clarify rights under the terms of a benefit plan.

The United States Court of Appeals for the Eleventh Circuit has held repeatedly that Plaintiffs are not entitled to a jury trial under ERISA when the claim is made under 29 U.S.C. § 1132(a)(1)(B). *Blake v. Unionmutual Stock Life Ins. Co. of America,* 906 F.2d 1525 (11th Cir.1990); *Chilton v. Savannah Foods and Industries, Inc.,* 814 F.2d 620 (11th Cir.1987); *Howard v. Parisian, Inc.,* 807 F.2d 1560 (11th Cir.1987); *Calamia v. Spivey,* 632 F.2d 1235 (5th Cir.1980).[1] The Eleventh Circuit's most recent decision in *Blake* came in reaction to arguments that the Supreme Court's opinion in *Firestone Tire & Rubber Co. v. Burch* converted claims under § 1132(a)(1)(B) to contract actions which entitled plaintiffs, therefore, to a jury trial under the Seventh Amendment. 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

*Firestone* overruled previous holdings that denial of benefits under an ERISA plan was subject to *de novo* review by federal courts. The basis for this holding was the formerly-used arbitrary and capricious standard which had been adopted into ERISA jurisprudence from the Labor Management Relations Act, 29 U.S.C. § 186(c). *Id.* at 109, 109 S.Ct. at 953. The Supreme Court found, however, that the basis for this standard in the LMRA stemmed from the fact that federal court jurisdiction was not expressly provided for under the LMRA. *Id.* ERISA, on the other hand, explicitly authorizes suits against fiduciaries and plan administrators. *Id.* at 110, 109 S.Ct. at 954. The Supreme Court looked to the law of trusts and found that unless the benefit plan expressly gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's terms, the denial of benefits challenged under § 1130(a)(1)(B) is subject to *de novo* review. *Id.* at 110–15, 109 S.Ct. at 953–57.

After *Firestone* some plaintiffs argued that the change to *de novo* review showed that the Supreme Court viewed a denial of benefits claim under ERISA like a breach of contract. Since a breach of contract is traditionally a legal action, it was argued, ERISA now carried with it the Seventh Amendment's guarantee of a jury trial. *See e.g., Sprague v. General Motors Corp.,* 804 F.Supp. 931 (E.D.Mich.1992) (change in review standard does not convert pension benefit claim to legal claim); *see generally, Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (jury trial guaranteed if statutory right not closely intertwined with a federal regulatory program and right is legal in nature); *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990) (the right to a jury trial is determined by the nature of the issues involved and the remedies sought).

The Eleventh Circuit specifically rejected this argument in *Blake, supra.* The court stated,

> The nature of an action under § 502(a)(1)(B) [§ 1132(a)(1)(B) ] is for the enforcement of the ERISA plan. Although the plaintiffs assert that they are claiming money damages, in effect they are claiming the benefits they are allegedly entitled to under the plan. Although here the medical treatment has been completed so that a money judgment would satisfy their demands, if the claimant were still under treatment, only an order for continuing benefits would be sufficient. This is traditionally equitable relief.... [T]he *de novo* standard of review does not control the application of the Seventh Amendment.

Plaintiffs contend that the Eleventh Circuit authority which holds that a jury trial is not available under § 1132(a)(1)(B) is no longer good law in light of an even more recent Supreme Court decision, *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

*Ingersoll* held that a Texas common law claim that an employee was unlawfully discharged to prevent an employee's attainment of benefits under an ERISA-covered plan was expressly and impliedly preempted by § 514(a) of the Act, 29 U.S.C. § 1144(a). The Supreme Court proceeded then to find

---

**1.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981, unless overruled by the Eleventh Circuit *en banc,* are binding precedent in this court. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

that § 502(a) (§ 1132(a)) is not limited to only actions which seek "pension benefits." *Id.*, 498 U.S. at 145, 111 S.Ct. at 486.

Courts subsequently have read *Ingersoll* to find legal remedies, including compensatory and punitive damages, and damages for mental anguish available under ERISA. Plaintiffs contend that, therefore, ERISA actions cannot be construed as strictly equitable. A right to a jury trial exists. *See McDonald v. Artcraft Electric Supply Co.*, 774 F.Supp. 29 (D.D.C.1991) (jury trial where plaintiff seeks damages for alleged wrongful discharge by defendant to avoid paying of ERISA benefits); *International Union, United Automobile, Aerospace & Agricultural Implement Workers of America v. Midland Steel Products*, 771 F.Supp. 860 (N.D.Ohio 1991) (class action for employees allegedly discharged to avoid paying of ERISA benefits implicates right to a jury trial); *Blue Cross and Blue Shield of Alabama v. Lewis*, 753 F.Supp. 345 (N.D.Ala.1990) (jury trial where plaintiff seeking to enforce subrogation clause in ERISA plan); *but compare Miner v. Community Mutual Ins. Co.*, 778 F.Supp. 402 (S.D.Ohio 1991) (claim for money damages for alleged violation of fiduciary duty under ERISA plan equitable in nature; therefore, no right to jury trial exists); *Sprague v. General Motors, supra; Abels v. Kaiser Aluminum & Chemical Corp.*, 803 F.Supp. 1151 (S.D.W.Va.1992) (jury trial unavailable where alleged failure to rehire to avoid paying benefits).

The Eleventh Circuit, however, has indicated in *dicta* that it does not view the *Ingersoll* holding so broadly. In *McRae v. Seafarers Welfare Plan*, the court held that extra-contractual damages are not available under ERISA § 502(a)(3); 29 U.S.C. § 1132(a)(3). 920 F.2d 819 (11th Cir.1991). This section of ERISA provides that a participant, beneficiary, or fiduciary may bring suit "to obtain other appropriate relief." The court reasoned that this language is similar to that of ERISA § 409(a), 29 U.S.C. § 1109(a), which was found by the Supreme Court not to authorize extra-contractual or punitive damages. *McRae*, 920 F.2d at 821–22 (citing and quoting *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)). Although the *Russell* Court stated it had not considered whether such remedies were available under § 502, in *dicta* the Court stated: "[t]he six carefully integrated civil enforcement provisions found in § 502(a) ... provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to include expressly." *McRae*, 920 F.2d at 822 (quoting *Russell*, 473 U.S. at 139 n. 5, 105 S.Ct. at 3088 n. 5). The Eleventh Circuit then pointed to its precedent explicitly denying extra-contractual remedies that are legal in nature. *Bishop v. Osborn Transportation, Inc.*, 838 F.2d 1173 (11th Cir.1988); *Amos v. Blue Cross–Blue Shield of Alabama*, 868 F.2d 430 (11th Cir.1989); *United Steel Workers of America, etc. v. Connors Steel Co.*, 855 F.2d 1499 (11th Cir. 1988). The *McRae* court further noted:

We find that our holding in this case does not conflict with the recent Supreme Court decision in *Ingersoll–Rand Co. v. McClendon* [citation omitted]. In *Ingersoll–Rand*, the Supreme Court stated: "Not only is section 502(a) the exclusive remedy for vindicating section 510 protected rights, there is no basis in section 502(a)'s language for limiting ERISA actions to only those which seek 'pension benefits.' It is clear that the relief requested here is well within the power of federal courts to provide." [Citation omitted]. We do not interpret these statements to mean that the remedies which the plaintiff in *Ingersoll–Rand* was seeking—future lost wages, mental anguish and punitive damages—are necessarily available under ERISA § 502(a). The Supreme Court was stating that federal law provided relief for ERISA actions other than those that seek to recover pension benefits, such as the plaintiff's cause of action for wrongful termination. The Supreme Court is not holding that the specific *remedies* this plaintiff had sought under state law are necessarily the remedies that will be afforded him should he be granted *relief* under ERISA § 502.

920 F.2d at 821 n. 7.

Plaintiffs in this action do not seek relief from a wrongful termination as was present in *Ingersoll* and most of the other district

court authority supporting the right to a jury trial under ERISA. Plaintiffs seek simply the plan benefits. Even if other claims which have a basis at law may be brought under ERISA and require a jury trial, there is no authority for refuting the Eleventh Circuit's reasoning in *Blake, supra,* that seeking pension benefits is equitable in nature and does not. 906 F.2d at 1527.

Plaintiffs seek restitution for monies already paid and a declaration that future bone marrow transplant procedures are covered by Health 1st's ERISA plan.[2] Eleventh Circuit precedent regarding the right to a jury trial and actions under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), remains valid. Defendants' motion to strike Plaintiffs' demand for a jury trial must, therefore, be GRANTED [12–1].

SO ORDERED.

---

**2.** The *Blake* court's characterization of restitution as an equitable remedy has a long history. As Justice Cardozo noted,

   A cause of action for restitution is a type of the broader cause of action for money had and received, a remedy which is equitable in origin and function. The claimant, to prevail, must show that the money was received in such circumstances that the possessor will give offense to equity and good conscience if permitted to retain it.

*Atlantic Coast Line R. Co. v. State of Florida,* 295 U.S. 301, 309, 55 S.Ct. 713, 716, 79 L.Ed. 1451 (1935) (citing early American cases).