**Robert D. SPRAGUE, et al., Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

No. 90–CV–70010.

United States District Court, E.D. Michigan, S.D.

June 11, 1993.

See also 145 F.R.D. 418, 145 F.R.D. 420.

Raymond C. Fay, Bell, Boyd & Lloyd, Washington, DC, J. Douglas Peters, David R. Parker, Charfoos & Christensen, Detroit, MI, and Roger J. Thomas, Law Office of Michael Gordon, Washington, DC, for plaintiffs.

Robert F. Walker, Ethan Lipsig, Elliot K. Gordon, Paul, Hastings, Janofsky & Walker, Santa Monica, CA, David M. Davis, Daniel G. Galant, Gen. Motors Corp., Detroit, MI, and Terence. V. Page, Birmingham, MI, for defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

### Background

A putative plaintiff class of approximately 40,000 non-union salaried retirees of the General Motors Corporation ("GM") sues under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq. They seek a judgment which would require GM to furnish them with basic health care coverage at no cost to them for their life-times, and for the life-times of their surviving spouses.

At issue, once again, is plaintiffs' insistence that they are entitled to a jury trial. In an October 23, 1992, Opinion and Order, I held plaintiffs are not entitled to a jury trial under ERISA or under the Seventh Amendment to the United States Constitution. *See Sprague v. General Motors Corp.*, 804 F.Supp. 931 (E.D.Mich.1992). Plaintiffs then sought a writ of mandamus from the United States Court of Appeals for the Sixth Circuit, which would have directed me to reinstate their demand for a jury trial and to conduct the forthcoming trial as a jury matter. On November 16, 1992, the Sixth Circuit denied the petition for writ of mandamus. Plaintiffs then filed a petition for writ of certiorari with the United States Supreme Court. On February 22, 1993, the Supreme Court denied plaintiffs' petition for certiorari on the jury trial issue. *Sprague v. United States District Court for the Eastern District of Michigan*, —— U.S. ——, 113 S.Ct. 1267, 122 L.Ed.2d 663 (1993).

A bench trial is scheduled to begin in this case on June 17, 1993. At this late date, plaintiffs have filed a motion to reinstate jury trial demand and conduct jury trial. Plaintiffs claim a very recent Supreme Court decision suddenly entitles them to a jury trial. *See Mertens v. Hewitt Associates*, —— U.S. ——, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). Despite plaintiffs' arguments to the contrary, *Mertens* does not require a modification of my October 23, 1992, Opinion and Order. The trial in this case shall proceed as a bench trial.

### Analysis

In *Mertens*, a class of former employees sued the ERISA plan's actuary, respondent Hewitt Associates, for allegedly failing to change the plan's actuarial assumptions to reflect additional retirement costs thereby causing the plan to be funded inadequately and eventually to be terminated. The Supreme Court, speaking through Justice Scalia, held that ERISA does not authorize suits for money damages against nonfiduciaries, such as actuaries, who knowingly participate in a fiduciary's breach of fiduciary duty. The Court noted that ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits plan participants to bring civil actions to obtain "appropriate equitable relief" to redress violations of the statute or plan.[1] The Court stated that the text of ERISA leaves no doubt that Congress intended "equitable relief" to include only those types of relief that were typically available in equity, such as injunction, mandamus, and restitution. Specifically, the High Court observed that the former employees sought money damages rather than a remedy traditionally viewed as equitable, such as an injunction or restitution. *Id.* at ——, 113 S.Ct. at 2068. The Court stated that:

> [T]hough we have never interpreted the precise phrase "other appropriate equitable relief," we have construed the similar language of Title VII of the Civil Rights Act of 1964 (before its 1991 amend-

ments)—"any other equitable relief as the court deems appropriate," 42 U.S.C. § 2000e–5(g)—to preclude "awards for compensatory or punitive damages."

*Id.* at ——, 113 S.Ct. at 2068 (citation omitted).

The Court acknowledged that at common law, there were many situations in which an equity court could "establish purely legal rights and grant legal remedies which would otherwise be beyond the scope of its authority." *Id.* at ——, 113 S.Ct. at 2068 (citation omitted). The Court continued:

> The term "equitable relief" can assuredly mean ... whatever relief a court of equity is empowered to provide in the particular case at issue. But as indicated by the foregoing quotation—which speaks of "legal remedies" granted by an equity court—"equitable relief" can also refer to those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages). As memories of the divided bench, and familiarity with its technical refinements, recede further into the past, the former meaning becomes, perhaps, increasingly unlikely; but it remains a question of interpretation in each case which is intended.

*Id.* at ——, 113 S.Ct. at 2068–69. With regard to interpreting "equitable relief" in the ERISA statute, the Court declared:

> In the context of the present statute, we think there can be no doubt. Since *all* relief available for breach of trust could be obtained from a court of equity, limiting the sort of relief obtainable under § 502(a)(3) to "equitable relief" in the sense of "whatever relief a common-law court of equity could provide in such a case" would limit the relief *not at all.* We will not read the statute to render the modifier superfluous.... Regarding "equitable" relief in § 502(a)(3) to mean "all relief available for breach of trust at com-

---

1. In relevant part, section 502(a)(3), 29 U.S.C. § 1132(a)(3), a section under which plaintiffs in the case at hand sue, states that a civil action may be brought:

    by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any

    provision of this subchapter or the terms of the plan, or (B) *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.... (emphasis added).

mon law" would also require us either to give the term a different meaning there than it bears elsewhere in ERISA, or to deprive of all meaning the distinction Congress drew between "equitable" and "remedial" relief in § 409(a), and between "equitable" and "legal" relief in the very same section of ERISA, see 29 U.S.C. § 1132(g)(2)(E); in the same subchapter of ERISA, see § 1024(a)(5)(C); and in the ERISA subchapter dealing with the PBGC, see §§ 1303(e)(1), 1451(a)(1). Neither option is acceptable.

*Id.*[2]

Thus, far from casting a dark cloud on my October 23, 1992, Opinion and Order, *Mertens* appears to strengthen my holding that because plaintiffs are primarily seeking equitable and not legal relief, under the ERISA statute plaintiffs are not entitled to a jury trial.

*Mertens* also greatly strengthens two Sixth Circuit cases upon which I relied in my October 23, 1992, Opinion and Order. In *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir.), *cert. denied*, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988), the plaintiff claimed he was denied early retirement benefits in violation of ERISA section 502. The plaintiff sought recovery of all past due benefits with interest, and an order requiring his instatement into the early retirement plan. In rejecting plaintiff's demand for a jury trial, the court broadly held that "[a]lthough there may be actions under ERISA in which a jury trial is proper, in actions for recovery of benefits under Section 502, 'there is no right to jury trial.'" *Id.* at 268 (citation omitted). In *Bair v. General Motors Corp.*, 895 F.2d 1094 (6th Cir.1990), the plaintiff sought instatement into a retirement program, GM's Special Separation Program. The plaintiff alleged that he had contracted with GM to retire early under the program's provisions; GM had denied his applications to enter the program claiming that he was too valuable an employee to give an incentive to retire early. As in *Daniel*, the plaintiff sought payment of allegedly past due early retirement benefits

as well as an order compelling payment of future benefits. Despite plaintiff's attempt to distinguish his claim from the plaintiff's claim in *Daniel*, the court in *Bair* denied the right to jury trial.

The plaintiff in *Bair* attempted to distinguish *Daniel* by arguing that the jury trial right remains when relief is sought under ERISA subsection 502(a)(1)(B), as opposed to subsection 502(a)(3) which by its terms is expressly limited to providing equitable relief. The court in *Bair* stated that *Daniel* had unequivocally denied the right to jury trial for all section 502 actions. *Bair*, 895 F.2d at 1096.

Further, as I explained in my October 23, 1992, Opinion and Order, plaintiffs argued that regardless of the language of the ERISA statute, they are supposedly seeking damages (*i.e.* legal relief) and, thus, they say they are entitled to a jury trial as guaranteed by the Seventh Amendment to the U.S. Constitution. *Mertens* does not mention the Seventh Amendment nor does it even explicitly mention or discuss a right to jury trial. Thus, *Mertens* can not have any effect on my Seventh Amendment analysis in the October 23, 1992, Opinion and Order.

Last, as explained in the October 23, 1992, Opinion and Order, plaintiffs noted they are seeking relief under ERISA federal common law as well as under the ERISA statute itself. Plaintiffs contended that even if the precise wording of the ERISA statute does not entitle them to a jury trial, they are nonetheless entitled to a jury under ERISA federal common law. I stated that:

Plaintiffs' argument is a boot-strapping attempt to avoid clear Sixth Circuit precedent [*e.g. Daniel* and *Bair*, discussed *supra* ]. Plaintiffs' ERISA federal common law claim is merely a recapitulation of their section 502 recovery of benefits claim. The underlying facts alleged are the same, and the recovery sought is the same. Given the rule among the appellate courts and many district courts, as discussed above, that no jury trial exists under ERISA section 502, it would be disrup-

---

**2.** Thus, while some sections of ERISA provide for legal relief, such as 29 U.S.C. § 1132(g), which provides for attorney fees, the sections of ERISA currently at issue in this case do not provide for legal relief.

tive to the statutory scheme to allow a jury trial on plaintiffs' functionally equivalent federal common law claims.

*Sprague,* 804 F.Supp. at 938. Such statements are bolstered by the Supreme Court's declaration in *Mertens* that "The authority of courts to develop a "federal common law" under ERISA ... is not the authority to revise the text of the statute." *Mertens,* —— U.S. at ——, 113 S.Ct. at 2070.

### Conclusion

Thus, my interpretation of *Mertens* suggests that far from aiding plaintiffs in their zeal to establish a right to a jury trial, *Mertens* actually weakens their jury trial cause. Plaintiffs' motion to reinstate jury trial demand and conduct jury trial is DENIED.

IT IS SO ORDERED.